UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY KACHINSKI,

        Plaintiff,

v.

CITY OF TAYLOR,

        Defendant.

_____/

Case No. 2:26-cv-10349

Honorable Susan K. DeClercq
United States District Judge

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO
REMAND (ECF No. 3) AND REMANDING CASE**

This is the second case arising out of Timothy Kachinski's concern over the

Taylor Police Chief's decision to collaborate with federal immigration authorities.

In his first case, *Kachinski v. City of Taylor*, No. 2:25-cv-11975 (E.D. Mich.)

(*Kachinski I*), Kachinski alleged a federal constitutional claim under 42 U.S.C. §

1983, but the case was dismissed on standing grounds. *Kachinski I*, ECF No. 20.

Learning from that experience, Kachinski filed the instant case in Wayne County

Circuit Court. ECF No. 1 at PageID.7–82. He alleges that the Taylor Police Chief

acted *ultra vires* by executing a Memorandum of Agreement with U.S. Immigration

and Customs Enforcement without permission of the City Council. *Id.* Interpreting

Kachinski's claims as seeking relief under the United States Constitution,

Defendants removed the case to federal court on the basis of federal question

jurisdiction, 28 U.S.C. § 1331. *Id*. Now before this Court is Kachinski's motion to remand the case back to state court. ECF No. 3. For lack of jurisdiction, the motion will be granted and the case will be remanded.

## I. BACKGROUND[1]

Defendant City of Taylor is a Michigan municipal corporation located in Wayne County and home to Plaintiff Kachinski. ECF No. 1 at PageID.9-10. In April 2025, the City's police chief, John Blair, signed a Memorandum of Agreement ("MOA") with U.S. Immigration and Customs Enforcement ("ICE"). *Id*. at PageID.62. The MOA authorizes Taylor police officers "to perform certain immigration enforcement functions." *Id*. It also provides that participating Taylor police officers are considered federal employees for purposes of liability and immunity when performing such functions. *Id*. at PageID.10. Neither the City Council, nor the Mayor of Taylor authorized the signing of the MOA, nor was any ordinance or resolution adopted approving it. *Id.*

Kachinski asserts that the execution of the MOA was improper because it was done without authority, violating the City's Charter and several Michigan statutes. *Id*. at PageID.10-19 (Count I – Ultra Vires Municipal Action). Kachinski seeks a declaratory judgment (Count II – Declaratory Judgment (MCR 2.605)), *id*. at

---

[1] All facts are gleaned from the Complaint. ECF No. 1 at PageID.7–82.

PageID.20-21, and explains the constitutional problems that can arise out of such *ultra vires* action (Count III – Constitutional Implications), *id*. at PageID.21-44.

In its papers removing the case to federal court, Defendant states that Kachinski "seeks relief under the United States Constitution" and "cites and relies upon multiple federal cases within his complaint." ECF No. 1 at PageID.2. Kachinski moved to remand the case, ECF No. 3, Defendants responded, ECF No. 6, and Kachinski replied, ECF No. 7. A hearing on the motions is also not needed. *See* E.D. MICH. LR 7.1(f)(2).

## II. LEGAL STANDARD

Defendants may remove "any civil action brought in state court of which the district courts of the United States have original jurisdiction . . . to the district court of the United States . . . where such action is pending." 28 U.S.C. § 1441(a). "[T]he scope of removal jurisdiction based on the existence of a federal question" is "identical to the scope of federal question jurisdiction under [28 U.S.C.] § 1331." *Long v. Bando Mfg. of Am.*, 201 F.3d 754, 758 (6th Cir. 2000).

Federal question jurisdiction can be established by showing "either that federal law creates the cause of action or that the plaintiff[']s right to relief necessarily depends on resolution of a substantial question of federal law." *Thornton v. Sw. Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983)). The latter requires

- 3 -

that the "federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013)

Moreover, under the "well-pleaded complaint rule," a federal question must appear on the face of the plaintiff's complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). A complaint that relies only on state-law claims lacks subject-matter jurisdiction and, therefore, must be remanded to the state court. *Crawford v. TRW, Inc.*, 815 F. Supp. 1028, 1032 (E.D. Mich. 1993). Any doubts regarding federal jurisdiction should be construed in favor of remanding the case to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941).

### III. DISCUSSION

A review of Kachinski's complaint reveals that his claims are based only upon state laws. The complaint expressly states

> [T]he Memorandum of Agreement (MOA [ ]) between the Taylor Police Department and U.S. Immigration and Customs Enforcement was executed . . . in violation of the Taylor City Charter (see § 7.1, 15.2-1524), the Michigan Home Rule City Act (MCL § 117.3), and Michigan's Urban Cooperation Act of 1967 (MCL 124.501 et seq.)

ECF No. 1 at PageID.11. The relief it seeks is a declaratory judgment pursuant to Michigan Court Rule 2.605. *Id*. at PageID.21. Accordingly, focusing on Kachinski's claim and what he is seeking, this suit is squarely grounded in state law.

"As the Supreme Court recently put it, the 'plaintiff's own claims and allegations' are the key to federal-question jurisdiction." *Baltrusaitis v. Int'l Union*, 133 F.4th 678, 695 (6th Cir. 2025) (quoting *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025)). "If the complaint presents no federal question, a federal court may not hear the suit." *Royal Canin*, 604 U.S. at 26. A state law cause of action may arise under federal law when the vindication of a state law right depends on the validity, construction, or effect of federal law, if "it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims, or that one or the other claim is 'really' one of federal law." *See Franchise Tax Bd.*, 463 U.S. at 9, 13. But "[t]he mere presence of a federal issue in a state law cause of action does not automatically confer federal question jurisdiction, either originally or on removal." *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 565 (6th Cir. 2007) (en banc).

Defendant's attempt to establish federal question jurisdiction is deficient. Defendant's superficial, two-page response simply asserts that "federal questions are raised" and notes that the "complaint cites numerous federal cases." ECF No. 6 at PageID.137. This "analysis," totaling a whole one paragraph, however, fails to carry Defendant's burden to establish federal jurisdiction. *See Warthman v. Genoa Township Bd. of Trustees*, 549 F.3d 1055, 1061 (6th Cir. 2008) ("A defendant who

seeks to remove a case pursuant to 28 U.S.C. § 1441(b) bears the burden of demonstrating . . . jurisdiction.").

As previously stated, federal-question jurisdiction requires that a federal law be challenged, or that the relief sought necessarily depends on resolution of a federal law question. Defendant does not identify either.  Despite its title, "Count III – Constitutional Implications," this section of the complaint explains the problems that can arise from the City of Taylor's allegedly *ultra vires* actions; it does not assert a separate claim. *See* ECF No. 1 at PageID.21–44.

The gist of Kachinsky's action is narrow: whether the Taylor Chief of Police had authority to enter into the MOA. Resolving that issue requires no interpretation of federal law. It requires determining whether the Chief of Police violated the Taylor City Charter, the Michigan Home Rule City Act, and/or Michigan Urban Cooperation Act. *See* ECF No. 1 at PageID.11. As pleaded in the complaint, this case consists of "state claims about state laws that control who may enter into agreements for localities and under what conditions." ECF No. 3 at PageID.85. Indeed, a state court can competently resolve whether City Council approval was required for the execution of the MOA without construing the scope or validity of any federal law. Defendant conflates interpretation of the MOA under federal law with the alleged violation of local procedural rules governing which officers are authorized to sign such agreements on the City's behalf. Simply because the MOA was with a federal

- 6 -

agency or related to immigration enforcement does not require interpretation of federal immigration law or federal constitutional principles; it is a question of local governance. Accordingly, this Court lacks jurisdiction in this matter and will remand the case back to state court.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's Motion to Remand, ECF No. 3, is **GRANTED**.

Further, it is **ORDERED** that this case is **REMANDED** to Wayne County Circuit Court.

**This is a final order and closes the above-captioned case.**

> _/s/ Susan K. DeClercq_
> SUSAN K. DeCLERCQ
> United States District Judge

Dated: July 23, 2026